Garayalde Hermanos, Demandantes y Apelados, *v.* The American Railroad Company of Porto Rico, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre indemnización de daños y perjuicios.

No. 2263.—Resuelto en junio 17, 1921.

Negligencia—Incendio Causado por Chispas de Locomotora—Daños y Perjuicios—Presunción de la Negligencia de la Demandada.—Cuando el demandante prueba que las chispas de una locomotora pegaron fuego a su propiedad, ello constituye un caso *prima facie* y entonces recae sobre el ferrocarril el deber de destruir tal caso, y a menos que lo destruya, el demandante tendrá derecho a sentencia sin más prueba. El peso de la prueba no se traspasa del demandante al demandado. Siempre subsiste en el demandante, pero cuando el demandante ha cumplido con probar su caso *prima facie,* incumbe al demandado destruirlo.

Id.—Prueba de otros Incendios Causados por Locomotoras de la Demandada.—Cuando se identifica la locomotora que causó el incendio origen de los daños, la prueba de otros incendios ocasionados por locomotoras de la

demandada, debe limitarse a los causados por la identificada. La regla no es absoluta, pues pudiera presentarse algún caso en que no obstante haberse identificado la locomotora fuera necesario para juzgar de la conducta de la parte demandada conocer su actuación general en cuanto al manejo usual y corriente de sus otras locomotoras. En el presente caso *se resolvió*: que la admisión de prueba de otros incendios no constituyó error perjudicial.

Id.—NEGLIGENCIA CONTRIBUTORIA.—Los preceptos de la Ley de Policía de Ferrocarriles comprendidos en las secciones 8861–63–64–65–66 y 69, página 1371 de la Compilación de los Estatutos Revisados y Códigos de Puerto Rico, no se refieren a cultivos en general sino, citando lo más pertinente, a los depósitos temporales de materias destinadas al abono y cultivo de las tierras y de las cosechas durante la recolección. En tal virtud, aún en el caso de que se concluyera que tales preceptos estaban vigentes en Puerto Rico, no constituiría negligencia contributoria por parte de la demandante el tener sembradas sus plantaciones de cañas a menos de veinte metros de la vía férrea de la demandada.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sr. M. Acosta Velarde y F. G. Pérez Almiroty.*

Abogado de la apelada: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Garayalde Hermanos, sociedad civil domiciliada en Bayamón, entabló demanda contra la American Railroad Company of Porto Rico, corporación dedicada a la explotación de un ferrocarril de vapor en esta Isla, en reclamación de dos mil dólares por daños y perjuicios.

La corte de distrito dictó sentencia favorable a la demandante y la demandada interpuso entonces el presente recurso de apelación, alegando la comisión de cinco errores, a saber: 1, al admitir evidencia sobre otros incendios; 2, al negarse a admitir como prueba cierto cedazo mata-chispas presentado por la demandada; 3, al apreciar la prueba relativa a la negligencia imputada; 4, al fijar la cuantía de los daños, y 5, al resolver la cuestión sobre negligencia contributoria planteada por la demandada.

Luego la parte apelante archivó un alegato complementario sosteniendo que la demanda no aduce hechos suficientes para determinar una causa de acción y que la corte erró al

concluir que de acuerdo con los hechos probados hubo negligencia por parte de la demandada.

Comenzaremos nuestro estudio por la cuestión levantada en el alegato complementario, porque si ella se decidiere como pretende la apelante, el pleito quedaría resuelto sin necesidad de estudiar las otras cuestiones suscitadas.

Los hechos 4 y 5 de la demanda, que son los pertinentes, copiados a la letra, dicen:

"El día 27 de julio del año en curso a las tres y cuarto de la tarde, la locomotora número 58 de la corporación demandada, conducida por uno de los maquinistas, empleado de dicha corporación, recorría el trayecto de la expresada vía que cruza los terrenos de la finca 'Santa Ana' con dirección a San Juan, y al pasar por el sitio en que la demandante tiene la plantación de cañas antes mencionada entre los kilómetros 15 y 16, dicha locomotora iba lanzando por su chimenea chispas y pedazos de carbón, encendidos, algunos de los cuales cayeron dentro de la plantación de caña de la sociedad demandante, ocasionando un incendio en las expresadas cañas que desvastó una extensión de cuatro cuerdas y un céntimo de dicho fruto, que eran parte de una pieza de veinte cuerdas de cañas dedicadas a gran cultura; todo lo cual puso la demandante en conocimiento de la demandada el mismo día del acontecimiento, pidiéndole que enviase personas competentes para examinar y tasar las cañas quemadas a fin de que le indemnizase equitativamente los perjuicios sufridos; y la demandada se desentendió de este aviso y requerimiento.

"Quinto. La causa inmediata de ese incendio fué la negligencia de la corporación demandada, que no acostumbra mantener en buen estado de funcionamiento las chimeneas ni los aparatos de sus locomotoras destinadas al combustible de carbón, ocasionando así algunos incendios en los cañaverales colindantes a dicha vía férrea; y particularmente el mencionado día 27 de julio de 1918 en el que por hallarse en mal estado los aparatos destinados al combustible del carbón y la chimenea de la susodicha locomotora No. 58, se ocasionó el incendio que destruyó las cuatro cuerdas y un céntimo de las cañas de la demandante, según se deja alegado."

Y la parte de la opinión de la corte sentenciadora, que debe transcribirse, es la que sigue:

"El 27 de julio de 1918, y a las 3 ó 3:15 de la tarde, uno de los

trenes de la demandada, arrastrado por la locomotora No. 58, de la dicha corporación, y servido por empleados regulares de la demandada, pasó por su vía en el distrito de Bayamón, y atravesando los terrenos de la finca 'Santa Ana' allí donde la demandante tenía plantaciones de caña. De la chimenea de dicha locomotora se desprendían chispas de carbón encendido, y vivas, y de ellas algunas cayeron en las plantaciones de caña de la demandante, dando fuego a tales plantaciones y quemando unas cuatro cuerdas y un céntimô de cuerda de caña que tenía buen desarrollo, de quince meses, y que debían ser molidas en enero de 1919. La producción regular de estas cuatro cuerdas de caña según la prueba, es de estimarse en cuatro mil quintales en su totalidad, y su producto líquido en mil ocho-cientos veinte dollars; se ha probado también que la semilla perdida tendría un valor de ochenta dollars; y que el tocón de caña ha sufrido, y el daño es de apreciarse en doscientos dollars. La caña quemada no pudo ser entregada para molerse, por no haber Ingenio o Central que estuviera moliendo en aquel distrito.

''Estos hechos se han probado satisfactoriamente.

''La demandante alegó en su demanda estos daños, y asímismo que ellos se debían a la negligencia de la demandada que no tenía sus locomotoras en condiciones de seguridad suficientes. La corte cree que la locomotora de que se trata, en la fecha de 27 de julio de 1918, no tenía las condiciones de seguridad necesarias, en lo que se refiere a la producción de incendios por chispas o carbones encendidos que de ella se desprendieron. Se ha traído prueba de que esas chispas salieron por la chimenea de la locomotora y cayeron a los lados de la vía, y en las plantaciones; y no ha sido prueba de conjeturas, inferencias o deducciones, sino de afirmaciones terminantes, la presentada con relación a este extremo. Por la parte demandada se ha presentado prueba de que ella usa en sus locomotoras un aparato mata-chispas que no permite, según la parte y sus peritos, que salgan al exterior chispas encendidas, y capaces de producir una conflagración. En cuanto a este extremo, conviene tener presente que, cualquiera que sea la eficacia que se quiera dar al aparato mata-chispas, nos encontramos frente al hecho aseverado por los testigos de que la locomotora de que se trata arrojaba chispas o carbón encendido. Y, o no es eficaz el mata-chispas, o no lo llevaba la locomotora en aquellos momentos, o no funcionaba bien; no sabe el juez que causa fuera, y sólo sabe que los testigos afirman el hecho antes anotado.''

Cita la apelante en apoyo de su contención los casos de

*Lake Erie & W. R. Co.* v. *Miller,* 36 N. E. 428, y *Lake Erie & W. R. Co.* v. *Pettijohn,* 36 N. E. 429.  En el primero de dichos casos la Corte de Apelación de Indiana estableció la siguiente doctrina que fué enteramente ratificada en el segundo.  Dice así:

"Una demanda que alega que el establecimiento de 'K' cogió fuego debido a chispas de una locomotora que pasaba, que el demandado negligentemente omitió equipar la locomotora con un parador de chispas adecuado, y que el fuego se comunicó del establecimiento de 'K' al del demandante, sin negligencia de su parte, era excepcionable por falta de la alegación de que negligentemente se permitió a las chispas escapar al establecimiento de 'K.'

"Las alegaciones de que el parador de chispas era defectuoso, y que el demandado fué negligente al equipar la locomotora, no muestran que el daño al establecimiento del demandante fuera el resultado próximo de tal negligencia." *Lake Erie & W. R. Co.* v. *Miller,* 36 N. E. 428.

No es posible formar juicio con la sola lectura del caso de Indiana.  Esta materia ha sido discutida intensamente y ampliamente tratada por los tribunales.  Ruling Case Law con su acostumbrada claridad resume la jurisprudencia así:

"La cuestión de si el mero hecho de haberse escapado fuego de una locomotora, debido al cual se ha destruido alguna propiedad, es prueba *prima facie* de negligencia por parte de la compañía en la construcción y manejo de tal locomotora, es una sobre la que hay un conflicto entre las autoridades.  De acuerdo con la regla establecida por un número de cortes, en ausencia de un estatuto no surge presunción de negligencia meramente del hecho de que el fuego se comunique por una locomotora de una compañía de ferrocarriles, sino que el demandante debe alegar y probar la negligencia de la compañía.  Las razones más convincentes dadas en apoyo de esta regla son que una compañía de ferrocarriles que está autorizada por la ley para hacer funcionar sus trenes por medio de vapor no es un asegurador contra accidentes por fuego, y no es responsable por daños causados por el uso del fuego para generar vapor, si el derecho es ejercitado en una forma legal y con cuidado y habilidad razonables; y el dueño de propiedad colindante asume todos los riesgos incidentales al uso legal y adecuado del ferrocarril; que la negli-

gencia es la substancia de la responsabilidad, y sin prueba de ella no puede mantenerse una acción; y por regla general en las acciones basadas en la negligencia, el demandante debe alegarla, y el peso de su prueba recae sobre él, y en ningún caso el mero hecho del daño prueba negligencia. De otra parte las cortes inglesas y un gran número de las cortes de este país sostienen que la negligencia de parte de la compañía de ferrocarriles ha de presumirse del hecho del escape del fuego, y que prueba de la consumación del fuego levanta la presunción de negligencia, ya en la construcción o en el manejo y funcionamiento de la locomotora que comunicó el fuego, e impone al demandado el peso de destruir esa presunción de negligencia. El razonamiento usualmente adoptado en apoyo de la regla de que probado el origen del fuego en contra de la compañía de ferrocarriles a ella incumbe mostrar que ha usado todas las precauciones necesarias para evitar hacer tal daño, es que los agentes y empleados de la compañía saben, o por lo menos tienen obligación de saber, que la locomotora está propiamente equipada para impedir que el fuego se escape, y que ellos saben si se emplearon aparatos mecánicos con tal fin, y en caso afirmativo, cuál era su naturaleza; mientras que de otra parte las personas no relacionadas con el ferrocarril y que solo ven los trenes cuando pasan a una gran velocidad, no tienen tales medios de información y la misma les es inaccesible y no puede ser obtenida por ellos sin grandes gastos e inconveniencias y además a menudo sólo como un favor de la compañía que bajo las circunstancias probablemente lo negaría." 11 R. C. L. 987.

Ya esta Corte Suprema tuvo ocasión de examinar estas dos tendencias, decidiéndose por la última por hallarla más conforme con la realidad de las cosas y con el espíritu de justicia que debe guiarnos siempre en la formación de nuestra propia jurisprudencia. Véase el caso de *Guzmán* v *American Railroad Company of Porto Rico,* decidido el 29 de abril de 1921, (página 452).

Creemos conveniente transcribir también el resumen de las autoridades hecho por Ruling Case Law sobre el efecto de la presunción. Dice así:

"Con respecto al efecto de la presunción legal de negligencia mediante prueba del origen del fuego, la regla se ha dicho a veces ser que cuando se ha demostrado que el funcionamiento de la locomotora

en cuestión originó el fuego motivo de queja, la presunción de negligencia surge contra la compañía y a ella se traspasa el peso de mostrar el ejercicio de cuidado y diligencia ordinarios y razonables. Pero una expresión más exacta de la regla, a la luz de las autoridades, se ha creído ser que cuando el demandante prueba que las chispas de una locomotora pegaron fuego a su propiedad, ello constituye un caso *prima facie* y entonces recae sobre el ferrocarril el destruir tal caso *prima facie*, y a menos que no destruya el caso del demandante éste tendrá derecho a sentencia sin más prueba. El peso de la prueba no se traspasa del demandante al demandado, sino que siempre subsiste en aquél, y cuando el demandante ha presentado su caso entonces incumbe al demandado destruirlo.'' 11 R. C. L. 990.

Examinada la demanda y los hechos declarados probados por la corte a la luz de la línea de autoridades que hemos considerado que debe prevalecer, es necesario concluir que la primera aduce hechos suficientes para determinar una causa de acción y que los segundos demuestran que la compañía fué negligente y a virtud de su negligencia ocasionó los daños que se reclaman. Y a esta última conclusión llegaremos aún con más fuerza si en vez de limitarnos a los hechos declarados probados por el juez, penetramos en el estudio de la prueba practicada, como tendremos ocasión de ver más adelante.

Resuelta la cuestión suscitada en el alegato complementario, procederemos a examinar los otros errores señalados.

Comenzaremos por el cometido a juicio de la apelante por la corte al admitir evidencia de otros fuegos. Ya hemos visto que en la demanda se alega no sólo que la locomotora de donde salieron los carbones encendidos que causaron el fuego tenía sus aparatos en mal estado, si que también se hace una imputación general de negligencia. Creemos que la demandante fué más lejos de lo necesario. Pero lo cierto es que entró a juicio con la alegación hecha en tal forma y presentó en efecto evidencia de otros fuegos y la evidencia fué admitida con la objeción de la demandada.

El juicio no se celebró ante un jurado, sino ante un solo

juez y analizada la opinión emitida por éste se observa que para nada tuvo en cuenta los otros fuegos.

Bajo estas circunstancias ¿puede sostenerse que se ha cometido error perjudicial a la parte demandada?

La jurisprudencia sobre esta materia está también en conflicto y otra vez recurriremos a Ruling Case Law para exponerla. Copiada en la parte que hemos estimado más atinente es como sigue:

"Respecto a la admisibilidad de pruebas de otros incendios ocasionados por otras locomotoras para establecer el origen o causa del incendio que se alega en una acción contra un ferrocarril por daños y perjuicios causados a una propiedad por incendios propagados, no existe poco conflicto en las autoridades, pero puede enunciarse como regla generalmente aceptada en casos de esta clase, que la prueba de otros incendios originados por otras locomotoras de la compañía de ferrocarril demandada en las cercanías del fuego que se alega y que ocurren en o casi al mismo tiempo que dicho fuego, es admisible por tender a probar la posibilidad y consiguiente probabilidad de que el fuego alegado se originó por la causa que se alega por lo menos cuando la locomotora que se dijo que ocasionó el fuego no ha sido identificada.

*　　*　　*　　*　　*　　*　　*

"En un número de jurisdicciones se ha resuelto que cuando se identifica la locomotora en particular que se supone ha causado el fuego alegado, el demandante no puede presentar prueba de otros incendios, o la salida de chispas de otras locomotoras de la demandada para probar el origen del fuego. Sin embargo, esta doctrina respecto a la identificación ha sido rechazada expresamente por algunas autoridades, y se ha resuelto que sin tenerse en cuenta la cuestión de la identidad, cuando el punto en controversia es si como cuestión de hecho el fuego fué ocasionado por cualquier locomotora, otros fuegos causados por locomotoras de la demandada casi al mismo tiempo y en la misma vecindad pueden ofrecerse como prueba con el fin de demostrar que pueden las máquinas locomotoras originar fuegos por emisión de chispas o escape de pedacitos de carbones de piedra." 11 R. C. L. 996-997.

Siendo los expuestos los hechos y la ley, no creemos que se haya cometido error perjudicial alguno.

A nuestro juicio la mejor doctrina consiste, cuando se identifica la locomotora que ocasionó el incendio, limitar a ella la prueba, pero aún así no debe sostenerse que la regla sea absoluta pues pudiera presentarse algún caso en que identificada la locomotora fuera necesario para juzgar de la conducta de la parte demandada conocer su actuación general en cuanto al manejo usual y corriente de sus otras locomotoras.

En el presente caso la locomotora que ocasionó el fuego se identificó y la prueba debió limitarse a ella solamente, ya que limitándola a ella podía formarse un concepto completo de lo ocurrido. En realidad de verdad eso fué lo que sucedió. El juez prescindió en absoluto de la indicada prueba y se limitó a investigar y aquilatar el caso concreto origen del incendio y el fuego mismo.

No cometió la corte el error que se le atribuye al negarse a admitir como prueba el cedazo mata-chispas presentado por la demandada, porque no se identificó debidamente.

Tampoco cometió error la corte al apreciar las pruebas. Hemos leído cuidadosamente la transcripción de la evidencia y ésta es completa a nuestro juicio. Era un sábado por la tarde y uno de los dueños de las cañas incendiadas estaba cerca con mayordomos y trabajadores ajustando cuentas y así pudo observarse por ellos el suceso desde sus comienzos. Hacía como un mes que no llovía. El tren iba bastante cargado, había una pequeña pendiente y tuvo que hacer un esfuerzo para subir; la locomotora "iba botando muchas chispas." Un testigo dice, y su declaración es semejante a muchas otras, "había chispas hasta de tres cuartos de pulgada, yo las ví en ese sitio en el aire, yo las veía que caían prendidas." El incendio comenzó por más de un punto y pudo aislarse debido a haber tanta gente cerca que trabajó inmediatamente por extinguirlo, a pesar de lo cual quedaron destruídas cuatro cuerdas de cañas.

La corporación demandada introdujo prueba tendente a

demostrar el cuidado que ponían sus empleados en la limpieza y seguridad de sus máquinas y aparatos y en que la locomotora No. 58 fué examinada y encontrada en perfectas condiciones. Pero esta prueba puesta en relación con la realidad de los hechos no convenció a la corte sentenciadora. Hay un detalle que es conveniente notar. Nos referimos a la limpieza del aparato mata-chispas que pudo desprenderse que se hacía a martillazos por lo menos en varias ocasiones, cuando lo propio es que se hiciera con algún cepillo apropiado. Los martillazos permitirían "andar ligero," pero se corría con ellos el riesgo de destruir o dañar el cedazo mismo de tal modo que permitiera la salida de chispas del tamaño de las descritas en este caso, de pedacitos de carbón lo suficientemente grandes para resistir encendidos la influencia del aire y del tiempo mientras estaban en el espacio y aún caer "vivos" y propagar el fuego.

Que el incendio se debió a las chispas encendidas lanzadas por la locomotora No. 58 de la demandada, es un hecho tan evidente que no cabe ni siquiera discutirlo, y que tales chispas brotaron por la negligencia de la demandada, se deduce necesariamente de los hechos ocurridos, habiendo la demandada dejado de probar satisfactoriamente su diligencia. Véase el caso de *Ledesma, supra,* especialmente en la parte en que cita a "Thompson sobre Negligencia," sección 2263.

En cuanto a la cuantía de la indemnización la evidencia aportada por la parte demandante sostiene plenamente la conclusión de la corte. La parte demandada presentó prueba de peritos que apreciaron el valor de las cañas destruídas en una cantidad inferior. No encontramos ningún argumento sólido que demuestre el error de la corte al dar crédito a los testigos y peritos de la demandante.

Suscítase por último, en el quinto error, la cuestión legal levantada por la demandada en su contestación así:

"Y la demandada, como materia nueva de defensa y oposición a la supradicha demanda, alega: que si tal incendio ocurrió al paso

de su locomotora número 58, por el sitio de referencia, ello se debió
única y exclusivamente a la culpa y negligencia de los demandantes;
por tener éstos sembradas sus cañas a una distancia menor de veinte
metros de las vías de las demandadas, en violación de lo preceptuado
en los párrafos 3°. y 6°. del artículo 1 en relación con los artículos
3°., 4°. y 5°., párrafo 2 del artículo 6°. y artículo 9 de la Ley de
Policía de Ferrocarriles y Reglamento para su ejecución, promulga-
dos el 7 y 17 de febrero de 1888, vigentes en la actualidad, y cuyos
artículos corresponden a las secciones 8861, 8863, 8864, 8865, 8866
y 8869 de la Compilación de los Estatutos Revisados y Códigos de
Puerto Rico, vigente en marzo 9 de 1911; siendo todo ello la causa
próxima y única del incendio de referencia.''

Aún en el caso de que tales preceptos de ley estuvieran
vigentes en Puerto Rico, no habría cometido error alguno
la corte de distrito, pues dichos preceptos no se refieren a
los cultivos en general, sino, citando lo más pertinente, a los
depósitos temporales de materias destinadas al abono y cul-
tivo de las tierras y de las cosechas durante la recolección.
Véase la Compilación de 1911, página 1371.

Por virtud de todo lo expuesto, procede la confirmación
de la sentencia recurrida.

<em>Confirmada la sentencia apelada.</em>

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.